**IN THE COURT OF APPEALS OF IOWA**

No. 16-0105
Filed March 23, 2016

**IN THE INTEREST OF J.K. AND R.K.,**
**Minor Children,**

**T.K., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.

A father appeals the termination of his parental rights to his children, contending his trial counsel provided ineffective assistance. **AFFIRMED.**

Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Janet Hoffman, Assistant Attorney General, for appellee State.

Shannon M. Leighty, Assistant Public Defender, Nevada, for minor children.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

The father of J.K. and R.K. appeals from the termination of his parental rights, contending his trial counsel provided ineffective assistance in failing to submit certain evidence at the termination-of-parental-rights hearing. When filing his petition on appeal, the father's appellate counsel did not have the benefit of the transcript of that hearing.[1] It is therefore understandable how the father could have been misled by certain statements made by the juvenile court in its order terminating the father's parental rights. However, unlike the father's appellate counsel, we have the benefit of the transcript for review. After reviewing the entire record, including the transcript, we conclude the father's allegations on appeal are not supported by the record. We therefore affirm the juvenile court's order terminating the father's parental rights.

We review termination-of-parental-rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). To establish an ineffective-assistance-of-counsel claim in a termination-of-parental-rights case, a parent must show that a deficiency in counsel's performance actually resulted in prejudice to the parent. *See In re A.R.S.*, 480 N.W.2d 888, 891 (Iowa 1992). "We presume that counsel's conduct falls within the range of reasonable professional competency," and the burden of proving otherwise is on the parent. *See id.*

---

[1] Our expedited-appeal rules in termination-of-parental-rights cases require the notice of appeal to be filed within fifteen days from a final order. *See* Iowa R. App. P. 6.101(1)(a). The petition on appeal must then be filed within fifteen days of the filing of the notice of appeal. *See* Iowa R. App. P. 6.201(1)(b). As a practical matter, the transcript of the hearing on the petition to terminate parental rights is not available to the parties before the deadline for filing a petition on appeal or responses thereto.

Following a hearing, the juvenile court in January 2016 entered its order terminating the parents' parental rights.[2] On appeal, the father claims his trial counsel was ineffective because counsel failed to submit certain evidence at the termination-of-parental-rights hearing the father had provided to him, such as "copies of a substance abuse evaluation, proof of [the father] attending drug treatment, and the results of drug tests." He asserts he was prejudiced as a result, citing the following paragraphs from the court's order terminating his parental rights:

> [The father] reports that he completed both a substance abuse and mental health evaluation; however, he never provided any proof of this to the Department of Human Services [(DHS)] as indicated by the most recent permanency report to the court filed on October 28, 2015 that was filed in the [child-in-need-of-assistance (CINA)] cases. He provided no proof as to what recommendations, if any, were made; therefore, the court cannot conclude he complied with the case permanency plan in this regard. . . .
> . . . .
> [The father], in his exhibits marked with numbers 16 and 17, asserts that he has obtained additional drug screening on his own in November of 2015 returning clean results. He argues that these exhibits prove his sobriety in the last few weeks. The court, however, takes particular note of the fact [that the father] was in control of the timing of these drug screens and that these are not random drug screens. Further undermining his assertion of newfound abstinence from illegal drug use is his assertion that he in fact took a third test and was unable to provide the results to the court at the termination hearing. Finally, he reported obtaining a substance abuse evaluation but never provided it. His assertion of suddenly finding sobriety without treatment on the eve of the termination hearing after refusing [twenty-five] other drug screens and testing positive on October 20[, 2015], is contrary to the evidence and is not accepted by the court.
> . . . .
> Overall, the case permanency plan did not substantially change concerning the recommendations for the parents. . . . Nevertheless, had [the father] participated appropriately in the other case permanency plan goals, in particular, drug screening and drug

---

[2] Termination of the mother's parental rights is not an issue in this appeal.

> treatment, it is more likely than not that [the father] would be in a better position to have his children returned to him either today or within the next six months. Given the fact that he was engaged in suspicious criminal activity in September 2015 with [the mother], he assisted her in avoiding service of an arrest warrant in October 2015, and the fact that he tested positive for the presence of methamphetamine in his body in late October 2015 all lead the court to conclude that [the father] has, as the State asserts, made no progress in attaining the case permanency goals. . . .
>
> . . . .
>
> . . . Assertions that the father . . . complied with the mental health and substance abuse evaluations remain unsupported by any credible evidence. . . . Both parents have consistently avoided drug screens over the course of the underlying [CINA] proceedings. The father's assertion of newfound sobriety is at best five and a half weeks long and is scant in comparison to his avoidance of drug screens and clear demonstration that he continues to use methamphetamine as late as October 20, 2015. His drug screens and assertions of additional drug screens showing that he has abstained over the last five-and-a-half weeks from drug use are largely of his own manufacture.

The father argues the court's negative inferences contained therein resulted from the failure of his trial counsel to provide to the court evidence of the father's completing a substance abuse evaluation, attending drug treatment, and clear drug screens. The record belies the father's allegations and in fact shows the court was provided this evidence.

At the November 30, 2015 termination-of-parental-rights hearing, a DHS case manager testified the father had completed an evaluation where he admitted using methamphetamine and heroin. The DHS worker also testified the father had "completed a substance abuse evaluation and treatment." The father testified that after the last drug screen he did for the DHS in October 2015, he obtained three drug screens on his own. He stated they were "paid through Genesis, which is . . . where I'm going for . . . mental health counseling and drug counseling." He gave the paperwork for two of the screens, dated November 23

and 27, 2015, to his attorney. These lab results, showing the father was clean for all drug screens, were offered by the father's counsel and admitted into evidence as the father's exhibits 16 and 17. The father testified he could not find the report for the third drug screen, dated November 16, 2015, and he did not provide it to his attorney. He testified that screen came back negative. He testified that when he had his appointment with Genesis, he signed releases for the DHS, but the DHS did not have copies of the lab reports. A DHS report for the permanency-review hearing, dated October 28, 2015, states:

> [The father] reports he received a substance abuse evaluation from Genesis . . . . He report[ed the name of the person] he worked with . . . . This worker has placed a phone call to Genesis with no success in getting recommendations from Genesis. Genesis has not returned any phone calls to this worker in regards to [the father]. [The father] reports that he has signed releases for this worker to gather information.
> . . . .
> [The father] reports he has also completed a mental health evaluation at Genesis. This worker has never received a phone call back from Genesis in regards to this. [The father] reports he has signed releases and that [the Genesis employee he worked with] is on vacation[,] which is the reason he has not returned any calls to this worker.

During his closing argument, the father's trial counsel referenced all the above evidence.

Upon our de novo review of the record, we find the evidence upon which the father's complaint is founded was actually admitted into evidence. Consequently, the father has not met his burden to show his trial counsel was ineffective. We therefore affirm the juvenile court's order terminating his parental rights.

**AFFIRMED.**